## Aufderheide & Co. v. Hunt.

1. **Settlement**: SUBSEQUENT TRANSACTIONS: ERRONEOUS INSTRUCTION. In an action on an account, where it appeared that there had been a settlement between the parties during the time covered by the account, and a payment by defendant of all that was due at the time of such settlement, but it was not shown that there were not other transactions between the parties subsequent to such settlement, the settlement did not bar plaintiff's right to recover upon such subsequent transactions, and an instruction to the jury that it did was erroneous.

*Appeal from Buchanan Circuit Court.*

WEDNESDAY, JUNE 11.

ACTION on an account for certain buggies and carriages, among which was a "cut-under barouche," sold and delivered by the plaintiff to the defendant. The price at which the buggies and carriages were sold, and the amount paid thereon, is stated in the petition.

The answer admitted the purchase at the price stated, except the "cut-under barouche," which the defendant denied having purchased. It was further alleged that the defendant was not to pay for the property purchased until he sold the same, and that in August, 1881, the parties had a settlement, and that the defendant then paid for all the goods that had been sold at that time. There was a trial by jury, verdict and judgment for the defendant, and the plaintiff appeals.

*Charles E. Ransier*, for appellant.

*Lake & Harmon*, for appellee.

SEEVERS, J.—There was evidence tending to show that, at the time of the settlement stated in the answer, the defendant had in his hands unsold "two platform spring wagons, two phaetons, and the cut-under barouche." The court instructed the jury as follows: " If from the evidence you believe the

parties had a settlement in full for the goods so sold to the defendant by the plaintiff, and that the defendant at the time of the settlement paid plaintiff for the balance then due to the plaintiff, then your verdict should be for the defendant."

This instruction, we think, is misleading and erroneous. Every proposition of fact stated in it may be true, and yet the plaintiff be entitled to a verdict for the goods sold after the settlement. For such goods the plaintiff was clearly entitled to recover, unless they had been paid for. There are other errors assigned and argued by counsel, which we have not considered, because they are not likely to arise on a retrial.

REVERSED.